Citation Nr: 1454755 
Decision Date: 12/11/14 Archive Date: 12/17/14

DOCKET NO. 09-11 517 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUE

Entitlement to service connection for warts.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

R. Dodd, Associate Counsel







INTRODUCTION

The Veteran, who is the appellant, had active service from October 1980 to October 2006.

This matter came before the Board of Veterans' Appeals (Board) on appeal from a September 2007 rating decision of the Roanoke, Virginia, RO which, in pertinent part, denied service connection for warts. This case was previously before the Board in May 2013 and July 2014 and remanded for additional development. That development having been completed, this claim is once again before the Board.

The Board notes that the issue of entitlement to service connection for allergic rhinitis was also remanded in the Board's May 2013 decision. While on remand, the Appeals Management Center (AMC) granted service connection for allergic rhinitis, and assigned a noncompensible disability rating with an effective date of November 1, 2006. As this represents a complete grant of benefits as to that issue, and as no notice of disagreement (NOD) has been filed as to the assigned disability rating and/or effective date, the issue of service connection for allergic rhinitis is no longer before the Board.

This appeal was processed using the Virtual VA paperless claims processing system. Accordingly, any future consideration of this appellant's case should take into consideration the existence of this electronic record.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Another remand is required in this case to ensure that there is a complete record upon which to decide the Veteran's claim of service connection for warts. VA has a duty to make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claim for the benefits sought, unless no reasonable possibility exists that such assistance would aid in substantiating the claim. 38 U.S.C.A. 
§ 5103A(a) (West 2002); 38 C.F.R. § 3.159(c), (d) (2014).

A remand by the Board confers on the claimant, as a matter of law, the right to compliance with the remand orders. Stegall v. West, 11 Vet. App. 268, 271 (1998). Failure of the Board to ensure compliance with remand instructions constitutes error and warrants the vacating of a subsequent Board decision. Id. Pursuant to the July 2014 Board Remand, the Veteran was afforded a September 2014 VA skin examination. The Board's July 2014 remand directives ordered that the skin examination be conducted by a dermatologist because of a failure to do so previously in accordance with the original instructions of the May 2013 Remand. In its July 2013 examination request form, the AMC specifically requested that a dermatologist conduct the skin examination. Unfortunately, both the June 2013 VA examination report and the September 2013 addendum opinion reflect that the actual examination was conducted by a staff physician. Upon remand in 2014, the AMC submitted an August 2014 examination request form, specifically requesting that a dermatologist conduct the skin examination for a new examination. In September 2014, the Veteran was provided with a skin examination provided by a nurse practitioner. There is no indication that the nurse practitioner was also a dermatologist. Pursuant to Stegall, the case must again be remanded for compliance with the May 2013 and July 2014 Board Remands. 

Further, VA should obtain all relevant VA and private clinical documentation which could potentially be helpful in resolving the issue. Murphy v. Derwinski, 1 Vet. App. 78, 81-82 (1990); Bell v. Derwinski, 2 Vet. App. 611 (1992). As noted by the Board in the July 2014 Remand, the Veteran has advanced that he receives ongoing treatment for his warts; therefore, the AOJ should obtain the Veteran's VA medical records for the period on and after July 2014.

Accordingly, the case is REMANDED for the following action:

1. Associate with the record any identified VA clinical documentation pertaining to the treatment of the Veteran's skin, not already of record, for the period on and after July 2014.

2. Then, schedule the Veteran for a VA skin examination before a dermatologist in order to assist in determining the etiology of any identified warts or residuals thereof. The relevant documents in the record should be made available to the examiner, who should indicate on the examination report that he/she has reviewed the documents in conjunction with the examination. A detailed history of relevant symptoms should be obtained from the Veteran. All indicated studies should be performed. A complete rationale with citation to relevant evidence found in the claims file and a discussion of the facts and medical principles involved should be provided for each opinion offered. 

As reiterated in the July 2014 Board Remand, the examiner should provide answers to the following questions:

A Is there an underlying underlying disease process that caused his documented complaints and treatment for warts while on active duty regardless of the fact that he may not have any visible warts at the time of the examination?

B) If the answer to A) is yes, is it at least as likely as not (50 percent probability or more) that the underlying disease process was caused by the Veteran's military service?

Further, the Board has added the following questions for consideration by the VA examiner:

C) Does the Veteran have any identifiable residuals of past wart treatment and/or removal, such as scars and/or other skin markings?

D) If the answer to C) is yes, is it at least as likely as not (50 percent probability or more) that the wart treatment/removal residuals are related to the Veteran's military service?

In providing answers to the above questions, the examiner should comment on and/or take note of the fact that service treatment records documented complains and treatment for warts and the Veteran is competent and credible to report on the observable symptoms of his disability in-service and since that time even when not documented in his medical records.

In providing answers to the above questions, the examiner is advised that he may not rely solely on negative evidence as the basis for any opinion.

If the examiner cannot provide an answer to any of the above questions, the examiner is advised that he/she should explain why the requested opinion cannot be provided (i.e., because the limits of medical knowledge had been exhausted or because further information to assist in making the determination is needed such as additional records and/or diagnostic studies). If the examiner cannot provide the answer because further information to assist in making the determination is needed, all reasonable steps to obtain this missing information should be exhausted before concluding that the answer cannot be provided.

In providing answers to the above questions, the examiner is advised that the term at least as likely as not does not mean within the realm of possibility. Rather, it means that the weight of medical evidence both for and against a conclusion is so evenly divided that it is medically sound to find in favor of causation as to find against causation. More likely and as likely support the contended causal relationship; less likely weighs against the claim.

3. Review the examination report to ensure that it is in complete compliance with the directives of this remand. If the report is deficient in any manner, the AMC must implement corrective procedures. Stegall, 11 Vet. App. at 271.

4. After completing the above action, the claims must be readjudicated. If any of the claims remain denied, a supplemental statement of the case should be provided to the Veteran and his representative. After the Veteran and his representative have had an adequate opportunity to respond, the appeal should be returned to the Board for appellate review, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).



This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2014).



_________________________________________________
WAYNE M. BRAEUER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).